ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Chief, Criminal Division

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: lou.bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 25 2010

at 11 o'clock and 40 min A .M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>AIULUTUANAITAISI AH-KEY,(01)<br>    a/k/a "Ulu",<br><br>            Defendant. | CR. NO. 09-00470-01 JMS<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br><br><br>DATE: May 25, 2010<br>TIME: 11:00 a.m.<br>JUDGE: J. Michael Seabright |

MEMORANDUM OF PLEA AGREEMENT

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant AIULUTUANAITAISI AH-KEY ("Ah-Key"), and his attorney Todd Eddins, Esq., have agreed to enter into this plea agreement as stated below:

A. THE INDICTMENT

1. Defendant acknowledges that he has been charged in the above-captioned Indictment in the District of Hawaii with Conspiracy to unlawfully distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); unlawful distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 3), and, unlawful distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 2).

2. Defendant has read the charges against him contained in the Indictment, and these charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant agrees to enter a voluntary plea of guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine as charged in Count 1 of the Indictment.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of willfully conspiring with other persons to distribute

and to possess with intent to distribute 50 grams or more of methamphetamine as charged in Count 1 of the Indictment. Defendant agrees that his guilty plea is voluntary and not the result of force or threats.

B.   PENALTIES

7.   Defendant understands that the penalties for the offense to which he is pleading guilty include:

a.   As to Count 1:  Defendant acknowledges that, prior to committing the offense charged in Count 1 of the Indictment, defendant was convicted of the felony drug offense identified in the Special Information as to Prior Drug Conviction, filed pursuant to 21 U.S.C. § 851 on January 7, 2010. Accordingly, defendant now faces enhanced sentencing as to Count 1, as follows:  A term of up to life imprisonment with a mandatory minimum term of incarceration of 20 years; a fine of up to $8,000,000; plus a supervised release term of at least 10 years and up to life.

b.   At the discretion of the court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of

controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

   c. In addition, the Court must impose a $100 special assessment as to each offense to which Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

C.   FACTUAL BASIS

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which Defendant is pleading guilty:

(a) <u>As to the drug conspiracy offense charged in Count 1 of the Indictment</u>: From before September 2007 and continuing until at least November 24, 2007, in the District of Hawaii, Defendant conspired with co-defendants Cristie Kishimoto

4

and Sosiua Moala (a/k/a "Folia") to obtain methamphetamine for distribution, and to distribute methamphetamine, in Honolulu. Defendant acknowledges that pursuant to this conspiracy, on September 14, 2007, Defendant willfully arranged with co-defendant Cristie Kishimoto to obtain a quantity of methamphetamine of 50 grams or more from co-defendant Sosiua Moala, so that this quantity of methamphetamine could be provided to another person, who unbeknownst to Defendant, was then cooperating with law enforcement. Defendant acknowledges that a quantity of 81 grams of (actual) methamphetamine was provided to the cooperating individual on September 14, 2007, and, that this methamphetamine distribution occurred on the Island of Oahu.

D. SENTENCING GUIDELINES

9. The parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. The parties agree that notwithstanding the parties' agreement herein, or any stipulation(s) that may be entered into by the parties, the Court is not bound by any such stipulation, but may, with the aid of the pre-sentence report, determine the facts relevant to sentencing.

11. Defendant understands that the Court in imposing sentence will consider the provisions of the Sentencing

Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    12. Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

    E.    <u>WAIVER OF TRIAL RIGHT(S)</u>

    13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.    If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty as to any Count. The jury would be instructed that the Defendant is presumed innocent as to each Count, and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt as to that Count.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to Defendant, and the consequences of the waiver of those rights.

15. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement, since the Court is expressly not bound by stipulations between the parties.

16. Defendant understands that the United States Attorney will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

F.  STIPULATIONS

17. The parties have made the following stipulation(s) for the purpose of sentencing Defendant in connection with this matter. Defendant understands that notwithstanding the

stipulation(s) below, and still within this agreement, the United States Attorney reserves the right to call and examine witnesses as to any issue(s) underlying a stipulation(s), or, should the court request that evidence be presented as to any issue. Based upon information presently known to the prosecution as of the date of the execution of this Agreement:

(a) The United States Attorney agrees that Defendant's agreement herein to enter a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the Government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney agrees to move for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if Defendant is otherwise eligible.

G.  LIMITED APPEAL WAIVER

18. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742, and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

H. <u>COOPERATION AGREEMENT</u>

19. Defendant agrees that he will fully cooperate with the United States.

a. Defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-conspirators and others indicted later in the investigation, and related civil proceedings.

b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his attorney present at those conversations, if he so desires.

c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding involving or related to the crimes alleged in this Indictment or in any subsequent charges related to this investigation, at which the United States Attorney requests him to so testify.

d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

20.  If Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the United States Attorney agrees not to use said statements, directly or indirectly, or the fruits thereof, in its case in chief in the trial of Defendant in this matter.  Defendant understands that this shall <u>not</u> bar the use of such information and/or evidence derived from said statements, or prohibit the use of said statements, by the prosecution in cross-examination of Defendant or in presenting rebuttal evidence against Defendant in the present case. Finally, Defendant understands that, should the Defendant breach the plea agreement, the use of such information/evidence is not barred under any circumstances.

21.  Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.  Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence on the ground that Defendant has provided

substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the United States Attorney.

    b. This Agreement does not require the United States Attorney to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the United States Attorney make such a request or motion, nor any remedy to Defendant in the event the United States Attorney fails to make such a request or motion.

    d. Even in the event that the United States Attorney makes such a request or motion, the Court may refuse to depart from the Guidelines.

//
//
//
//
//
//
//
//
//
//

I.  STATEMENT AS TO COMPLETENESS

22. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

DATED: May 25, 2010, at Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_____
LESLIE E. OSBORNE, JR.
Chief, Criminal Section

_____
LOUIS A. BRACCO
Assistant U.S. Attorney

_____
AIULUTUANAITAISI AH-KEY
Defendant

_____
TODD EDDINS, ESQ.
Attorney for Defendant

United States v. Aiulutuanaitaisi Ah-Key
Cr. No. 09-00470 JMS;
"MEMORANDUM OF PLEA AGREEMENT"

14